IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL T. WOLFINBARGER, | No. 2:13-CV-1545-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 15) and defendant's opposition thereto (Doc. 16).

/ / /

/ / /

/ / /

1

## I.  PROCEDURAL HISTORY

Plaintiff applied for social security benefits on September 30, 2010.  In the application, plaintiff claims that disability began on May 31, 2010.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on October 3, 2012, before Administrative Law Judge ("ALJ") Peter F. Belli.   In a November 21, 2012, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): mood disorder, ADHD, Asperger's syndrome, and degenerative disc disease;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform medium work except he can only occasionally receive, remember, and carry out detailed/complex job instructions; he can have frequent interaction with co-workers and supervisors, but only occasional contact with the public; and he can make simple work place adjustments and judgments;

4. The claimant is capable of performing his past relevant work; and

5. Alternatively, considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are also other jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on April 25, 2013, this appeal followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole,

including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In his motion for summary judgment, plaintiff argues that the ALJ erred in rejecting the opinions of Drs. Kemp and York.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given to the opinion of a non-examining professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

/ / /

/ / /

1    In addition to considering its source, to evaluate whether the Commissioner
2 properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are
3 in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an
4 uncontradicted opinion of a treating or examining medical professional only for "clear and
5 convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831.
6 While a treating professional's opinion generally is accorded superior weight, if it is contradicted
7 by an examining professional's opinion which is supported by different independent clinical
8 findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035,
9 1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be
10 rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester,
11 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of
12 the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a
13 finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and
14 legitimate reasons, the Commissioner must defer to the opinion of a treating or examining
15 professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional,
16 without other evidence, is insufficient to reject the opinion of a treating or examining
17 professional.  See id. at 831.  In any event, the Commissioner need not give weight to any
18 conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111,
19 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion);
20 see also Magallanes, 881 F.2d at 751.

**A.      Dr. Kemp**

As to Dr. Kemp, the ALJ stated:

> The claimant underwent consultative psychological evaluation by Anita
> Kemp, Ph.D., on December 29, 2010.  The claimant complained of pain
> from a back injury and a lot of grief.  He appeared to have difficulty sitting
> down and looked stiff.  The claimant stated that he thinks he has had
> depression and anxiety in the past and has been diagnosed with ADHD.
> On mental status examination, the claimant's speech was logical and
> normal in pace.  He had adequate eye contact and social skills.  There was

>no evidence of loose associations and no circumstantial thinking.  There was no paranoia, delusions, or preoccupations.  The claimant stated that he has high anxiety and is stressed out and overwhelmed.  He noted decreased sleep, anxiety in crowds, he dislikes change, and feels overwhelmed in public.  His affect was mildly blunted and memory, concentration, and intelligence were borderline.  Insight and judgment were fair.  The claimant stated that he goes to bed late and gets up at noon.  He eats and relaxes, watches television, and plays his guitar.  He goes to a friend's house or to the park.  He walks about one block and does odd jobs and construction.  He watches television in the evenings or goes to a friend's home to play video games and listen to music.  The claimant reported that he enjoys putting things together, designing, constructing, and landscaping.  He can cook, but standing is a problem.  He enjoys doing handyman stuff and he does laundry.  He takes the trash out and helps his grandmother move boxes.  Subsequent to testing, the claimant obtained a full scale IQ of 72.  His verbal comprehension and perceptual reasoning ability were both in the borderline range.  Dr. Kemp diagnosed anxiety disorder NOS and borderline intellectual functioning.  His prognosis was noted to be good.  Dr. Kemp opined that the claimant is able to perform simple and repetitive tasks.  His ability to perform work activities in a safe manner is moderately impaired and his ability to maintain social functioning, interact appropriately with supervisors, co-workers, and the public is mildly impaired.  (Ex. B5F).

Plaintiff argues:

>While the ALJ finds, based on Dr. Kemp's opinion, that Mr. Wolfinbarger has limitations in making judgments in work settings (AR 28, ¶ 5), the ALJ rejects without explanation Dr. Kemp's description of Mr. Wolfinbarger's limitations of doing work in a safe manner. . . .

Plaintiff's argument is unpersuasive.  While plaintiff is correct that the ALJ may not reject a medical opinion without providing sufficient reasons to do so, such is not the case here.  To the contrary, the ALJ accepted all of Dr. Kemp's opinions, including her opinion as to plaintiff's moderate impairment in his ability to do work in a safe manner.  Specifically, the ALJ accounted for this limitation by concluding that plaintiff's residual functional capacity included the ability to make only simple workplace adjustments and judgments.

  **B.** **Dr. York**

As to Dr. York, the ALJ stated:

>The claimant underwent an Autism Spectrum Disorder Evaluation by J. Russell York, Ph.D., LMFT on August 2, 2010.  Dr. York noted that based on the criteria for Autistic Disorders, the claimant meets three of the

5

criteria. Six are needed to make the diagnosis. Dr. York stated that the claimant does not qualify for a diagnosis of autistic disorder. However, the claimant does meet the requirements for Asperger's disorder. Dr. York stated that the claimant is mildly affected on the autism spectrum. His level of social impairment is relatively mild and he displays many appropriate social skills. Dr. York opined that the claimant may be capable of doing certain jobs that have a regular routine. (Ex. B15F).

According to plaintiff, the ALJ erred by silently rejecting Dr. York's opinion that plaintiff needs "some support and accommodations to function well in both employment and educational settings."

As with Dr. Kemp, the ALJ did not reject any of Dr. York's opinions. The doctor's limitation to the need for "some support and accommodations" is accounted for in the ALJ's residual functional capacity finding that plaintiff can make only simple work place adjustments and judgments, as well as the limitation to performing complex tasks only occasionally.

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for summary judgment (Doc. 15) is denied; and

2.   The Clerk of the Court is directed to enter judgment and close this file.

DATED: September 30, 2014

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE